1  | Jonathan C. Terry, Esq.  (SBN 164162)
2  | James C. Jardin, Esq.   (SBN 187482)
   | ULICH & TERRY LLP
3  | 4041 MacArthur Blvd., Suite 500
   | Newport Beach, CA  92660
   | (949) 250-9700 (Tel.)
4  | (949) 250-9777 (Fax)

5  | Attorneys for Defendants SEARCH 4 PROFIT, LLC dba GOOGLE FORTUNE and CRUSH LLC

COPY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERALD COMBE, an individual, and LAURIE MURRAY, an individual, on their own behalf and on behalf of all others similarly situated, | CASE NO.  CV09-9127 RSWL(PJWX) |
| Plaintiffs, | **NOTICE OF REMOVAL** |
| | [28 U.S.C. §1453] |
| v. | |
| INTERMARK COMMUNICATIONS, INC., a New York Corporation, d/b/a INTERMARK MEDIA, ESYNERGY MEDIA LLC, an Arizona limited liability company, MBM LTD., d/b/a LIDANGO, a California company, SEARCH 4 PROFIT, LLC, a California limited liability company, d/b/a GOOGLE FORTUNE, and CRUSH LLC, a Utah limited liability company, | |
| Defendants. | |

TO THE UNITED STATED DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

1.     CRUSH, LLC is the defendant in a civil action originally filed on October 23, 2009 in the Superior Court of the State of California for the County of Los Angeles, Case No. BC424640, entitled <u>GERALD COMBE and LAURIE MURRAY vs. INTERMARK COMMUNICATIONS, INC. d/b/a INTERMARK MEDIA, ESYNERGY MEDIA LLC, MBM LTD. d/b/a LIDANGO, SEARCH 4 PROFIT, LLC d/b/a GOOGLE FORTUNE, and CRUSH LLC.</u>

1

TIMELINESS OF REMOVAL

2.      Defendant was served with the summons and complaint on November 12, 2009.

3.      This removal is timely under 28 U.S.C. §1446(b) because it is within thirty (30) days of the date on which the removing defendant first had notice that the case was removable.

PAPERS IN REMOVED ACTION

4.      True and complete copies of all the process and pleadings served on defendant in this action are attached as Exhibit A and no further proceedings have been had.

BASIS FOR JURISDICTION

5.      This Court has jurisdiction over this class action under the provisions of 28 U.S.C. §1332(d) because:

      a.   Plaintiff GERALD COMBE is a citizen of the State of Georgia.

      b.   Plaintiff LAURIE MURRAY is a citizen of the State of California.

      c.   Defendant INTERMARK COMMUNICATIONS, INC. dba INTERMARK MEDIA is a corporation formed under the laws of the State of New York and has its principal place of business at 135 Crossways Park Drive, Suite 203, Woodbury, NY 11797.

      d.   Defendant ESYNERGY MEDIA LLC is a limited liability formed under the laws of the State of Arizona and has its principal place of business at 8912 E. Pinnacle Peak Rd., Suite F9-640, Scottsdale, AZ 85255.

      e.   Defendant MBM LTD. dba LIDANGO is a corporate entity, form unknown, formed under the laws of the State of California and has its principal place of business at 1153 Bordeaux Dr., Suite 20, Sunnyvale, CA 94089.

      f.   Defendant SEARCH 4 PROFIT, LLC dba GOOGLE FORTUNE is a limited liability company formed under the laws of the State of California and has its principal place of business at 7614 Arvilla Ave. Sun Valley, CA 91352.

      g.   Defendant CRUSH LLC is a limited liability company formed under the laws of the State of Utah and has its principal place of business at 9140 South State Street, Sandy, UT 84070.

h. At least one member of the class of plaintiffs is a citizen of a State different from at least one defendant within the meaning of 28 U.S.C. §1332(d)(2)(A).

i. The claims asserted by the plaintiff class, aggregated as required by 28 U.S.C. §1332(d)(6), exceed the sum of $5,000,000 within the meaning of 28 U.S.C. §1332(d)(2).

j. The class of unnamed plaintiffs exceeds 100 in number within the meaning of 28 U.S.C. §1332(d)(5)(B).

k. The primary defendants are not States, State officials, or other governmental entities within the meaning of 28 U.S.C. §1332(d)(5)(A).

**WHEREFORE**, defendant files this notice to remove the action, now pending in the Superior Court of the State of California for the County of Los Angeles, Case No. BC424640, from that court to this Court.

DATED:    December 11, 2009                    ULICH & TERRY LLP

                                    By: _____
                                        Jonathan C. Terry, Esq.
                                        James C. Jardin, Esq.
                                        Attorneys for Defendants
                                        SEARCH 4 PROFIT, LLC dba GOOGLE
                                        FORTUNE and CRUSH LLC

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 2 6 2009

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

INTERMARK COMMUNICATIONS, INC., a New York corporation,
d/b/a INTERMARK MEDIA, (see additional defendants attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GERALD COMBE, an individual, and LAURIE MURRAY, an
individual, on their own behalf and on behalf of all others similarly
Situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>(El nombre y dirección de la corte es): | CASE NUMBER:<br>(Número del Caso): BC421640 |
|---|---|

Los Angeles Superior Court Central Division, 111 N. Hill Street,
Los Angeles CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Alan Himmelfarb, KAMBEREDELSON LLP, 2757 Leonis Blvd., Los Angeles, CA 90058, (323) 585-8696

| DATE: 10/26/2009<br>(Fecha) | JOHN A. CLARKE | Clerk, by<br>(Secretario) | M. GARCIA | , Deputy<br>(Adjunto) |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com



EXHIBIT A

**Addendum for Summons (additional defendants)**

ESYNERGY MEDIA LLC, an Arizona limited liability company, MBM LTD., d/b/a LIDANGO,
a California company, SEARCH 4 PROFIT, LLC, a California limited liability company, d/b/a
GOOGLE FORTUNE, and CRUSH LLC, a Utah limited liability company,

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 23 2009

John A. Clarke Executive Officer/Clerk
By_____, Deputy
SHAUNYA WESLEY

1  Alan Himmelfarb (SBN 90480)
   KAMBEREDELSON, LLP
2  2757 Leonis Boulevard
   Vernon, California 90058
3  Telephone: (323) 585-8696

4  *Attorneys for Plaintiffs*

5          SUPERIOR COURT OF THE STATE OF CALIFORNIA
6                    COUNTY OF LOS ANGELES

7  GERALD COMBE, an individual, and LAURIE
   MURRAY, an individual, on their own
8  behalf and on behalf of all others similarly situated,          Case No.

9                                               CLASS ACTION COMPLAINT
              Plaintiff,                        AND JURY DEMAND
10
    v.
11
   INTERMARK COMMUNICATIONS, INC., a
12 New York corporation, d/b/a INTERMARK      BC 424640
   MEDIA, ESYNERGY MEDIA LLC, an Arizona
13 limited liability company, MBM LTD., d/b/a
   LIDANGO, a California company, SEARCH 4 PROFIT, LLC,
14 a California  limited liability company, d/b/a GOOGLE
   FORTUNE, and CRUSH LLC, a Utah limited
15 liability company,                                    BY FAX
16
              Defendants,
17 _____/
18

19          **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

20       Plaintiffs, Gerald Combe and Laurie Murray, bring this Class Action Complaint

21 against Defendants Intermark Communications, Inc., d/b/a Intermark Media ("Intermark"),

22 Esynergy Media LLC, MBM Ltd., d/b/a/ Lidango ("Lidango"), Search for Profit LLC, d/b/a

23 Google Fortune ("Search 4 Profit"), and Crush LLC ("Crush") based upon Defendants'

24 practice of deceptively charging Plaintiffs and similarly-situated others for unauthorized

25 services.  Defendants deceptively and intentionally induced customers to subscribe to

26 recurring monthly charges for "work-at-home" services they were neither aware of nor

27 requested.  The charges imposed by Defendants were significant, amounting to over $100 in

28 _____
   Complaint

1 │ the first month, and Defendants have refused to refund Plaintiffs.  On these grounds,

2 │ Plaintiffs, for their Class Action Complaint, allege as follows upon personal knowledge as to

3 │ themselves and their own acts and experiences and, as to all other matters, upon information

4 │ and belief, including investigation conducted by their own attorneys.

5 │ <u>**Parties**</u>

6 │ 1.      Plaintiff Gerald Combe is a Georgia resident residing in Crandall, Georgia.

7 │ 2.      Plaintiff Laurie Murray is a California resident residing in Redding, California.

8 │ 3.      Defendant Intermark is an ad network generating online advertisements, consumer

9 │ traffic for websites selling products and goods, and conversion optimization for those

10 │ websites.  Intermark also performs as an affiliate marketer in this online space.  Intermark is

11 │ headquartered in and has its principal place of business at 135 Crossways Park Drive, Suite

12 │ 203, Woodbury, New York 11797.  It does business in the State of California and

13 │ nationwide.

14 │ 4.      Defendant Search 4 Profit LLC, d/b/a Google Fortune, is a negative option

15 │ subscription seller of work-at-home products via online and email solicitations to consumers'

16 │ home and work computers.  Search 4 Profit operates in California with its headquarters and

17 │ principal place of business at 7614 Arvilla Avenue, Sun Valley, California 91352.  It does

18 │ business online throughout the State of California and nationwide.

19 │ 5.      Defendant Crush LLC is an ad network generating online advertisements, consumer

20 │ traffic for websites selling products and goods, and conversion optimization for those

21 │ websites.  On information and belief, Crush acts jointly or as a connected corporate entity of

22 │ Defendant Search 4 Profit.  Crush is a Utah corporation with its headquarters and principal

23 │ place of business at 9140 South State Street, Sandy, Utah 84070.  It does business in the State

24 │ of California and nationwide.

25 │ 6.      Defendant Esynergy Media is an ad network generating online advertisements,

26 │ consumer traffic for websites selling products and goods, and conversion optimization for

27 │

28 │

**Complaint**

2

1  those websites.  Esynergy Media also performs as an affiliate marketer in this online space.

2  Esynergy Media is headquartered in and has its principal place of business at 8912 E

3  Pinnacle Peak Rd, Ste F9-640, Scottsdale, Arizona 85255. It does business in the State of

4  California and nationwide.

5  7.      Defendant Lidango is an ad network generating online advertisements, consumer

6  traffic for websites selling products and goods, and conversion optimization for those

7  websites.  Lidango also performs as an affiliate marketer in this online space. Lidango is

8  headquartered in and has its principal place of business at  1153 Bordeaux Dr., Suite 20,

9  Sunnyvale, California 94089.  It does business in the State of California and nationwide.

10                          **Jurisdiction and Venue**

11  8.      This Court has jurisdiction over the causes of action asserted herein pursuant to the

12  California Constitution, Article VI, §10, because this case is a cause not given by statute to

13  other trial courts.

14  9.      This Court has jurisdiction over Defendants pursuant to California Code of Civil

15  Procedure section § 410.10 because at least one Defendant resides in and/or conducts

16  business in the State of California and/or many of Defendants' wrongful acts arose or

17  emanated from California.

18  10.     Jurisdiction is additionally proper because Defendant Intermark does significant

19  business in the state of California, including entering into contracts with California

20  companies, advertising and soliciting business with California residents, directly maintaining

21  an internet presence in the state, and entering into credit card transactions with California

22  residents.  In doing so, Intermark has purposely directed its activities and consummated

23  transactions in California and purposely availed itself of the laws of California.

24  11.     Jurisdiction is additionally proper because Defendant Crush does significant business

25  in the state of California, including entering into contracts to work jointly or as a corporate

26  sibling of California companies including Defendant Search 4 Profit, advertising and

27

28

**Complaint**

3

1  soliciting business from California companies, and deriving significant revenue from the

2  State of California. In doing so, Crush has purposely directed its activities and consummated

3  transactions in California and purposely availed itself of the laws of California.

4  12.    Jurisdiction is additionally proper because Defendant Esynergy Media does

5  significant business in the state of California, including entering into contracts with

6  California companies, advertising and soliciting business with California residents, directly

7  maintaining an internet presence in the state, and entering into credit card transactions with

8  California residents.  In doing so, Esynergy Media has purposely directed its activities and

9  consummated transactions in California and purposely availed itself of the laws of California.

10  13.    Venue is proper in this Court pursuant to Code of Civil Procedure because Defendant

11  Crush LLC resides in this County.

12                              **Facts Common to All Counts**

13  14.    With unemployment rising and wages stagnant, Americans presently find themselves

14  facing the worst economy in decades.   In these difficult times, ordinary consumers are more

15  than ever subjected to a proliferation of work-at-home offers that promise the ability to easily

16  make thousands of dollars from at-home businesses.   These offers derive from initial

17  representations made through spam email offers, sponsored links, banner ads on internet

18  search pages, and most deceptively, as links in fake news articles and fake blogs.  The

19  purpose of each of these initial representations is to drive consumer traffic to credit card

20  submit landing pages at which a purchase can be made.

21  15.    These sponsored links, banner ads, fake news articles, and similar methods of gaining

22  a consumer's attention are operated by a group of affiliate marketers and ad networks whose

23  sole objective is to drive traffic to merchant landing pages such as those controlled by

24  Defendants.  Intermark, Esynergy, Lidango and Crush act in this space as ad networks and

25  affiliate marketers, and in that capacity, actively drive traffic to Search 4 Profit websites for

26  their own monetary gain.

27

28

Complaint

16.   On information and belief, Crush is intimately connected to Search 4 Profit in that it hosts all Search 4 Profit's website content on its own servers, and participates in every transaction order path with Search 4 Profit.

17.   Intermark contracts as a business partner with Search 4 Profit and/or Crush (separately or together) to optimize transaction pages and drive traffic to those pages so as to deceptively effectuate the sale of Search 4 Profit's product. As such, Intermark knows or should know exactly how the advertising by which these products are offered is framed and presented on these pages.

18.   Esynergy Media contracts as a business partner with Search 4 Profit and/or Crush (separately or together) to optimize transaction pages and drive traffic to those pages so as to deceptively effectuate the sale of Search 4 Profit's product.  As such, Esynergy Media knows or should know exactly how the advertising by which these products are offered is framed and presented on these pages.

19.   Lidango contracts as a business partner with Search 4 Profit and/or Crush (separately or together) to optimize transaction pages and drive traffic to those pages so as to deceptively effectuate the sale of Search 4 Profit's product.  As such, Lidango knows or should know exactly how the advertising by which these products are offered is framed and presented on these pages.

20.   In fact, as a complement to its total visibility into the product marketing on Search 4 Profit's transaction pages, Intermark, Esynergy Media, and Lidango work together with Search 4 Profit and/or Crush to "optimize" transaction pages so as to drive ever-higher rates of purchase.  Both are motivated to take this active role because their revenue from Search 4 Profit is based on consumer conversions (purchases) of its products.  This optimization can include changing the design of the website including the color, words used, placement of words, font size, placement of the Terms of Service, and the use of such "pressures" as phrases like "Only 20 Left!" or the use of running timers counting down the minutes left

Complaint

5

1    before an offer "expires." Such pressures are fabrications and are dynamically inserted into

2    the website at specified screen locations to further induce conversions.

3    21.    After a consumer is directed by Intermark, Esynergy Media, and Lidango to a Search

4    4 Profit landing page displaying a work-at-home offer, Defendants push a product, often a

5    CD, purportedly designed to enable consumers to "MAKE A LOT OF MONEY WORKING

6    FROM HOME WITH GOOGLE!!!" and "Satisfaction 100% Guaranteed." Further, on these

7    pages consumers are told that they can make "$199 or more a day" on Google, working from

8    home.

9    22.    These landing pages typically contain language describing their offering "As seen on:

10   CNN and CNBC." The website prominently features CNN and CNBC's network logos

11   without license from these media entities and are plainly designed to suggest to a consumer

12   that the offering is supported by a reputable entity. Search 4 Profit products have never been

13   "seen" or featured on any of the networks claimed on the website.

14   23.    The initial landing page seen by a consumer is bright and welcoming, and promises

15   "YOU CAN MAKE A LOT OF MONEY WORKING FROM HOME USING GOOGLE!"

16   Other statements promise that a consumer can "Work when and where it's convenient for

17   me!" and that "Our proprietary software guarantees your success."

18   24.    This page often contains a testimonial photo of a consumer that benefited from

19   Defendants' product. In fact, this photo is a fake, inasmuch as Defendants simply use a stock

20   photo (commonly available at websites like iStockPhoto.com) and fabricate the testimonial.

21   The testimonials contain statements such as "it's like winning the lottery," attributable to

22   "Chris D." The photo of a man and a woman accompanying his testimonial can be found at

23   istockphoto.com under the name "Beautiful Portrait" and file number 6832151.

24   25.    Defendants' landing pages may be reached from embedded links in fake blog

25   testimonials ("flogs") and fake news articles with, again, stock photos and testimonials

26

27

28

Complaint

6

1 purportedly representing actual consumers from one's own city or state. These consumers

2 relate stories of terrific success using one of Search 4 Profit's products, Google Fortune.

3 26. The individuals in Defendants' fake photos are not from the consumer's city or state;

4 in fact, the specific locale represented is dynamically generated by instructions contained in

5 the underlying source code for the screen page presented. That is, "Kevin M." from

6 "Georgia" is in fact simply a fictitious person whose state name is generated by source code

7 that recognizes and responds to the (Georgia) IP address of the consumer's computer.

8 27. A consumer is required to give Search 4 Profit certain "personally identifying

9 information" (PII) to "CHECK AVAILABILITY" of this "LIMITED TIME OFFER!" A

10 consumer's submission of her PII enables Search 4 Profit to sell this information to other

11 marketers of goods and products. Thus, a consumer actually does not have to "qualify" for

12 anything, but is instead submitting to a lead generation process by which their PII (a "lead")

13 is monetized by Search 4 Profit and the consumer unknowingly "consents" to the receipt of

14 additional email offers from an untold number of merchants, *i.e.*, anyone to whom Search 4

15 Profit can sell this information.

16 28. The product offered by Defendants is promised at a minimal price, usually less than

17 $2.00, which is represented as covering all costs after the application of both a "Promotional

18 Discount" and a "Web Special Discount." Importantly, in order to cover this discounted

19 charge, Search 4 Profit requires that consumers give it a credit card number.

20 29. A consumer's credit card number is entered into a credit card submit field on an

21 online transaction page (the transaction page most often directly follows the landing page –

22 the order path may be understood as starting with the initial representation that drives traffic

23 to the landing path where a consumer's PII is taken. A billing or transaction page completes

24 the online order path).

25

26

27

28

Complaint

1    30.    Materially, the only price representation clearly and conspicuously displayed on the

2    credit card submit page or in proximity to the credit card submit box is a line that states

3    **"Total: $1.97."**

4    31.    Calls to action like "<u>LIMITED TIME OFFER!</u>" and "START TODAY!" are found

5    on these pages.  These phrases are part of a static background image that are saved and

6    displayed every time the page loads on a consumer's browser.

7    32.    Compelling phrases including "Satisfaction Guaranteed," and "100% Trusted!"

8    appear in large print scattered about the page.

9    33.    Ultimately, a consumer reasonably understands that ordering the Google Fortune

10   product is an action that will cause them to incur a $1.97 charge on their credit card.  In fact,

11   this price is simply bait for a credit card number that can then be used to impose additional

12   charges on the consumer.

13   34.    Though the actual price of a product is always material, Defendants hide the real

14   price of their product in small print at the bottom of transaction page or simply do not

15   disclose it at all except in the fine print of the Terms and Conditions.

16   35.    By simply submitting credit card information to Search 4 Profit in payment of the

17   discounted fee of $1.97, a consumer unwittingly agrees to a monthly recurring charge of

18   $69.97 for access to a program purportedly containing information that enables a consumer

19   to "Start Making Money Today!"

20   36.    Materially, and wholly absent any clear and conspicuous disclosure, a consumer's

21   submission of her credit card number also obligates a consumer to two (2) ongoing negative

22   option subscriptions in products or services described in the small print terms and conditions

23   as "Rebate Millionaire" and "Network Agenda" for $19.95 a month and $9.95 a month,

24   respectively. These products or services and a description and price for each are not clearly

25   disclosed on either page in the short order path.  Nevertheless, these sums are also billed to a

26

27

28

1   consumer's credit card within 14 days and 21 days, respectively, of submitting an order for a

2   $1.97 form of access to Google Fortune, and every month thereafter.

3   37.    Thus, a consumer reasonably expecting to pay $1.97 for the Google Fortune product

4   will be charged that sum plus:  1) $69.97 a month until that consumer somehow discovers

5   and cancels that subscription, 2) $19.95 a month under the same undisclosed circumstances,

6   and 3) $9.95 per month, also for as long as the consumer fails to notice this charge and object

7   to it.

8   38.    Only the charge of $1.97 is clearly and conspicuously disclosed to a consumer

9   responding to an offer from Defendants.

10  39.    Search 4 Profit works with Intermark, Esynergy Media, Lidango and Crush to drive

11  traffic to, promote, and sell its products.  Correspondingly, Intermark, Esynergy Media,

12  Lidango, and Crush optimize and continually oversee the creation of the deceptive

13  advertisements concealing material terms and conditions, described herein, and both receive

14  significant revenue from the sale of each poorly-disclosed Search 4 Profit product.

15  40.    Intermark, Esynergy Media, Lidango, Crush, and Search 4 Profit know or should

16  know that these ads and offers violate clearly established laws requiring, among other

17  seminal concerns, that all material purchase terms be clearly and conspicuously disclosed to

18  consumers.

19  <u>**Facts Relating to the Plaintiff Gerald Combe**</u>

20  41.    During the relevant period, Plaintiff Gerald Combe undertook a Yahoo search for

21  work-at-home job offerings.  Plaintiff clicked on a sponsored link that took him to what

22  appeared to be a news article describing the life-changing experience of a woman that

23  utilized the Google Fortune system to make $5,000.00 a month.  This site contained a link to

24  the PII landing page described above and from which Plaintiff reasonably understood that he

25  could receive the Google Fortune products for $1.97.

26

27

28

Complaint

42.     Plaintiff did not know that Google itself has nothing to do with this product nor did Plaintiff reasonably understand that, by agreeing to pay Defendants $1.97, he also consented to be billed for unrevealed products or services at an undisclosed price for an ongoing period.

43.     Plaintiff did not authorize Defendants to bill his debit card for these additional charges.   When Plaintiff discovered that he was billed a charge of $69.97 (7 days after incurring the initial $1.97 charge), Plaintiff attempted to call Search 4 Profit to cancel this charge.

44.     Plaintiff called repeatedly and was placed into voicemail many times without ever receiving a return call from Search 4 Profit.  Persistently, however, Plaintiff kept trying to reach Search 4 Profit to request a refund.  Plaintiff finally did speak with a representative that gave him a reference number for a refund of the $69.97.

45.     Plaintiff told the Google Fortune representative that he would not have agreed to pay $69.97 for this product if he would have clearly understood that this was the actual price for the product offered.

46.     Plaintiff was *not* given a refund from Search 4 Profit or any other Defendant.

### Facts Relating to Plaintiff Laurie Murray

47.     During the relevant time period, Plaintiff found a link to a work-at-home job offer from Google in a fake AOL news article.  Plaintiff clicked on this link and was sent to a website with a work-at-home offer from Google Fortune.  This site contained a link to the PII landing page described above and from which Plaintiff reasonably understood that she could receive a CD from Search 4 Profit for $1.97.

48.     Plaintiff did not know that Google itself had nothing to do with this product nor did Plaintiff reasonably understand that, by agreeing to pay Defendants $1.97, she also consented to be billed for unrevealed products or services at an undisclosed price for an ongoing period.

49.     Plaintiff did not authorize Defendants to bill her debit card for these additional charges.

Complaint

1   50.     Plaintiff discovered the unauthorized $69.97 charge when she received an overdraft

2   notice from her bank as a result of the unauthorized charge depleting her account.  Plaintiff

3   promptly called her bank to dispute this charge.

4   51.     Plaintiff also repeatedly called Search 4 Profit to request a refund.  Plaintiff finally

5   reached a representative who told her that, because she did not call to cancel within 7 days,

6   she would not receive a refund.  Plaintiff told the Search 4 Profit representative that she

7   would not have ordered the Google Fortune product if she would have clearly understood

8   that $69.97 was the actual price of the product.

9   52.     Plaintiff did receive a CD from Search 4 Profit.  Plaintiff also received a "NOTICE"

10  stating that

11          "Any charges disputed with your bank against this account will be
            reported to the internet consumer blacklist
            www.BadCustomer.com and will result in member merchants
12          blocking you from making future purchases online!"

13  53.     Plaintiff was *not* given a refund from Search 4 Profit or any other Defendant.

14                              <u>**Class Allegations**</u>

15  54.     Plaintiffs bring this action pursuant to Code of Civil Procedure § 382 on behalf of

16  themselves and a Class and three SubClasses:

17          **Search 4 Profit/Crush Class:** Plaintiffs bring this action on behalf of themselves and

18  a Class of similarly situated individuals, defined as follows:

19          all persons or entities who submitted credit card information to Search 4 Profit for
            the purpose of obtaining Search 4 Profit's products or services, and who were
20          charged any amount other than a stated shipping and handling or discounted fee.

21          **Intermark SubClass:** Plaintiffs bring this action on behalf of themselves and a

22  Subclass of similarly situated individuals, defined as follows:

23          all persons or entities who submitted credit card information to Search 4 Profit for
            the purpose of obtaining Search 4 Profit's products or services, and who were
24          charged any amount other than a stated shipping and handling or discounted fee,
            that were traceably driven to Search 4 Profit's website(s) by Intermark, or affiliate
25          marketers acting through or in conjunction with Intermark.

26

27

28

Complaint

11

1    **Esynergy Media SubClass:** Plaintiffs bring this action on behalf of themselves and a

2    Subclass of similarly situated individuals, defined as follows:

3          all persons or entities who submitted credit card information to Search 4 Profit for
           the purpose of obtaining Search 4 Profit's products or services, and who were
4          charged any amount other than a stated shipping and handling or discounted fee,
           that were traceably driven to Search 4 Profit's website(s) by Esynergy Media, or
5          affiliate marketers acting through or in conjunction with Esynergy Media.

6    **Lidango SubClass:** Plaintiffs bring this action on behalf of themselves and a Subclass of

7    similarly situated individuals, defined as follows:

8          all persons or entities who submitted credit card information to Search 4 Profit for
           the purpose of obtaining Search 4 Profit's products or services, and who were
9          charged any amount other than a stated shipping and handling or discounted fee,
           that were traceably driven to Search 4 Profit's website(s) by Lidango, or affiliate
10         marketers acting through or in conjunction with Lidango.

11   Throughout this Class Action Complaint, the Intermark Subclass, Esynergy Media Subclass,

12   and the Lidango Subclass will be collectively referred to as the "SubClasses." Throughout

13   this Class Action Complaint, the Class and Subclasses will collectively be referred to as the

14   "Classes."

15         The following people are excluded from the Class and SubClasses: 1) any Judge or

16   Magistrate presiding over this action and members of their families; 2) Defendants,

17   Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the

18   Defendants or their parents have a controlling interest and their current or former employees,

19   officers and directors; and 3) persons who properly execute and file a timely request for

20   exclusion from the class and 4) the legal representatives, successors or assigns of any such

21   excluded persons.

22   55.   **Numerosity:** The exact number of the members of the Class and SubClasses is

23   unknown and not available to Plaintiffs, but it is clear that individual joinder is impracticable,

24   in satisfaction of Code of Civil Procedure § 382. On information and belief, Defendants

25   have deceived thousands of consumers who fall into the definition set forth in the Class and

26   SubClasses. Class members can be identified through Defendants' records.

27

28

Complaint

12

1   56.   **Typicality:** Plaintiffs' claims are typical of the claims of other members of the Class

2   and SubClasses, as Plaintiffs and other members sustained damages arising out of the

3   wrongful conduct of Defendants, based upon the same transactions which were made

4   uniformly to Plaintiffs and the public.

5   57.   **Adequate Representation:** Plaintiffs will fairly and adequately represent and protect

6   the interests of the Class and SubClasses, and have retained counsel competent and

7   experienced in complex class actions. Plaintiffs have no interest antagonistic to those of the

8   Class and SubClasses, and Defendants have no defenses unique to Plaintiffs.

9   58.   **Predominance and Superiority:** This class action is appropriate for certification

10   because class proceedings are superior to all other available methods for the fair and efficient

11   adjudication of this controversy, since joinder of all members is impracticable. The damages

12   suffered by the individual members of the Class and SubClasses will likely be relatively

13   small, especially given the burden and expense of individual prosecution of the complex

14   litigation necessitated by the actions of Defendants. It would be virtually impossible for the

15   individual members of the Class and SubClasses to obtain effective relief from the

16   misconduct of Defendants. Even if members of the Class and SubClasses themselves could

17   sustain such individual litigation, it would still not be preferable to a class action, because

18   individual litigation would increase the delay and expense to all parties due to the complex

19   legal and factual controversies presented in this Complaint. By contrast, a class action

20   presents far fewer management difficulties and provides the benefits of single adjudication,

21   economy of scale, and comprehensive supervision by a single Court. Economies of time,

22   effort, and expense will be fostered and uniformity of decisions will be ensured.

23   59.   **Commonality:** There are many questions of law and fact common to the claims of

24   Plaintiffs and the other members of the Class and SubClasses, and those questions

25   predominate over any questions that may affect individual members of the Class and

26

27

28

Complaint

1  SubClasses.  Common questions for the Class and SubClasses include, but are not limited to

2  the following:

3      (a)    Whether the Defendants' conduct described herein violates the False

4      Advertising Law (Cal. Bus. & Prof. Code Sections 17500, *et seq.*), prohibiting

5      deceptive acts or practices in the conduct of any business, trade or commerce

6      or in the furnishing of any service;

7      (b)    Whether the Defendants' conduct described herein violates the Unfair

8      Competition Law (Cal. Bus. & Prof. Code Sections 17200, *et seq.*), which

9      protects both consumers and competitors by promoting fair competition in

10      commercial markets for goods and services and prohibits any unlawful, unfair

11      or fraudulent business act or practice;

12      (c)    Whether the Defendants' conduct described herein violates the

13      Consumers Legal Remedies Act (California Civil Code Sections 1750, *et*

14      *seq.*), prohibiting the act, use or employment by any person of any deception,

15      deceptive act or practice, fraud, false pretense, false promise,

16      misrepresentation, or concealment, suppression or omission of any material

17      fact with intent that others rely upon such concealment, suppression or

18      omission, in connection with the sale or advertisement of any merchandise

19      whether or not any person has in fact been misled, deceived or damaged

20      thereby;

21      (d)    Whether the Defendants' conduct described herein results in unjust

22      enrichment to Defendants and;

23      (e)    Whether Search 4 Profit and Crush's conduct described herein is a

24      breach of contract between Plaintiffs and Search 4 Profit and Crush.

25

26

27

28

Complaint

## <u>COUNT I</u>

### Violation of the False Advertising Law, California Business and Professions Code Sections 17500, *et seq.* (on Behalf of Plaintiffs and the Classes)

60.   Plaintiffs incorporate by reference the foregoing allegations.

61.   Cal. Bus. & Prof. Code  § 17500 provides that it is unlawful for any corporation to knowingly make, by means of any advertising device or otherwise, any untrue or misleading statement with the intent to sell a product or service, or to induce the public to purchase a product or service.  Any statement in advertising that is likely to deceive members of the public constitutes false and misleading advertising under Cal. Bus. & Prof. Code § 17500.

62.   As described within, Defendants have disseminated, and continue to disseminate advertising that they know or should reasonably know is false and misleading.  This conduct includes, but it is not limited to, promoting and advertising "work-at-home" products without disclosing the actual price, a material term of any transaction. Defendants actively misrepresent and conceal the actual price(s) consumers are charged when they submit their credit card information.

63.   By committing the acts alleged in this Complaint, Defendants have knowingly disseminated untrue and/or misleading statements through advertising or other device in order to sell or induce members to the public to purchase work-at-home products, in violation of Cal. Bus. & Prof. Code § 17500.

64.   Plaintiffs and members of the Classes were all charged monies beyond what they authorized for products they did not request.  Accordingly, Plaintiffs and members of the Classes have suffered injury in fact and lost money as a result of Defendants' acts of false advertising.

65.   Plaintiffs seek an order requiring Defendants to (1) immediately stop the unlawful practices stated in this Complaint; (2) make full restitution of all funds wrongfully obtained; and (3) interest, attorney's fees, and costs pursuant to Cal. Code Civ. Proc. § 1021.5.

Complaint

15

## COUNT II

### Violation of the Consumers Legal Remedies Act,
### California Civil Code Sections 1750, *et seq.*
### (on Behalf of Plaintiffs and the Classes)

66.     Plaintiffs incorporate by reference the foregoing allegations.

67.     The Consumers Legal Remedies Act prohibits the act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, concealment, suppression or omission of any material fact with intent that others rely upon such act in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby.

68.     As described within, Defendants have engaged in deceptive practices, unlawful methods of competition, and/or unfair acts as defined by Cal. Civ. Code §§ 1750, *et seq.*, to the detriment of Plaintiffs and the Classes .

69.     Defendants utilize false and deceptive advertising that both conceals the actual price of the product offered and widely and willfully misrepresents testimonial support for the product offered.

70.     Defendants' contracts contain unconscionable terms in that they are unfair and inequitable and the material terms of the contracts are hidden and actively misrepresented by Defendants.

71.     Plaintiffs have contested the unauthorized charges and given notice to Defendants of their consumer complaints.  Defendants have not refunded Plaintiffs' money.

72.     Defendants, acting with knowledge, intentionally and unlawfully brought harm upon Plaintiffs and the Classes  by deceptively inducing the Plaintiffs and the Classes  members to purchase a product with deceptive and misleading advertisements, by failing to clearly and conspicuously disclose the price of the goods and services, and by placing unauthorized charges on their credit card accounts, all in violation Cal. Civ. Code § 1750 in at least the following respects:

     (a)        In violation of § 1770(a)(2) by misrepresenting the source, sponsorship,

Complaint

16

1    approval, or certification of Defendants' goods or services;

2         (b)       In violation of § 1770(a)(3) by misrepresenting the affiliation, connection,

3    or association with, or certification by, a third party in relations to Defendants'

4    products;

5         (c)       In violation of § 1770(a)(9) by advertising Defendants' goods or services

6    with the intent not to sell them as advertised;

7         (d)       In violation of § 1770(a)(13) by making false or misleading statements of

8    fact concerning reasons for, existence of, or amounts of price reductions related to

9    Defendants' good or services;

10        (e)       In violation of § 1770(a)(14) by Defendants' acts and omission

11   representing that a transaction confers or involves rights, remedies, or obligations

12   which it does not have or involve, or which are prohibited by law;

13        (f)       In violation of § 1770(a)(19) by inserting an unconscionable provision in

14   the sales contract for Defendants' goods and services;

15   73.    Plaintiffs and the Classes  have suffered harm as a proximate result of the violations

16   of law and wrongful conduct of the Defendants.

17   74.    Under Cal. Civ. Code § 1780(a) and (b), Plaintiffs and the Classes seek injunctive

18   relief requiring Defendants to cease and desist the illegal conduct stated in this Complaint,

19   and any other appropriate remedy for violations of the CLRA. For the sake of clarity,

20   Plaintiffs explicitly disclaim any claim for damages under the CLRA at this time.

21                                **COUNT III**

22           **Violation of the Unfair Competition Law, California Business
             and Professions Code Sections 17200, *et seq.***
23               **(on Behalf of Plaintiffs and the Classes)**

24   75.    Plaintiffs incorporate by reference the foregoing allegations.

25   76.    California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code  § 17200, *et*

26   *seq.*, protects both consumers and competitors by promoting fair competition in commercial

27

28
     Complaint
                                    17

1    markets for goods and services.

2    77.    The UCL prohibits any unlawful, unfair or fraudulent business act or practice. A

3    business practice need only meet one of the three criteria to be considered unfair competition.

4    An unlawful business practice is anything that can properly be called a business practice and

5    that at the same time is forbidden by law. A fraudulent business practice is one in which

6    members of the public are likely to be deceived.

7    78.    As described within, Defendants' continuing utilization of unlawful and

8    unconscionable marketing practices, and the continuing practice of charging consumers

9    credit cards without authorization, constitutes an unlawful business practice in violation of

10    Cal. Bus. & Prof. Code §§ 17200, *et seq.*

11    79.    In deceiving Plaintiffs and the Classes by creating and supporting advertising that

12    fails to clearly and conspicuously disclose the actual price of its products, and inducing

13    Plaintiffs and the Classes to proffer payment information based on that misrepresentation,

14    Defendants have engaged in deceptive trade practices in violation of Cal. Bus. & Prof. Code

15    §§ 17200, *et seq.*

16    80.    The price of a consumer product is a material term of any transaction because it is

17    likely to affect a consumer's choice of, or conduct regarding, whether to purchase a product.

18    Any deception related to the price of a consumer product is materially misleading.

19    81.    The misrepresentation of the price of its products is likely to mislead a reasonable

20    consumer who is acting reasonably under the circumstances.

21    82.    Defendants have violated the "unfair" prong of the UCL in that their actions caused

22    substantial injury to consumers, the injury caused by their conduct is not outweighed by any

23    countervailing benefits to consumers or competition, and the injury is one that consumers

24    themselves could not reasonably have avoided.

25

26

27

28

Complaint

18

83. Defendants have violated the "fraudulent" prong of the UCL in that their statements, advertisements, and representations regarding what consumers would be charged for their products were false and likely to deceive a reasonable consumer.

84. Defendants have violated the "unlawful" prong of the UCL in that Defendants' conduct violated the Consumer Legal Remedies Act (Cal. Bus. & Prof. Code § 1750 *et seq.*) and the False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et seq.*).

85. Plaintiffs and the Classes have suffered harm as a proximate result of the violations of law and wrongful conduct of Defendants.

86. Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiffs seeks an order of this Court permanently enjoining Defendants from continuing to engage in unfair and unlawful conduct.

87. Plaintiffs seek an order requiring Defendants to (1) immediately stop the unlawful practices stated in this Complaint; (2) make full restitution of all funds wrongfully obtained; and (3) interest, attorney's fees, and costs pursuant to Cal. Code Civ. Proc. § 1021.5.

## COUNT IV

### Restitution/Unjust Enrichment
### (on behalf of the Plaintiffs and the Classes )

88. Plaintiffs incorporate by reference the foregoing allegations.

89. Plaintiffs and the Classes conferred a monetary benefit on Defendants. Defendants have received and retained money belonging to Plaintiffs and the Classes resulting from substantial and unauthorized charges placed on their credit card bills by Search 4 Profit. All Defendants profit from each individual purchase made by a consumer after being directed to Search 4 Profit.

90. Defendants appreciate or have knowledge of such benefit.

91. Under principles of equity and good conscience, Defendants should not be permitted to retain the money belonging to Plaintiffs and the Classes, which Defendants have unjustly received as a result of their unlawful actions.

1  92.    Plaintiffs and other members of the Classes suffered damages as a direct result of

2  Defendants' conduct.

3  93.    Plaintiffs, on their own behalf, and on behalf of the Classes, seek damages for

4  Defendants' breach of contract, as well as interest and attorney's fees and costs pursuant to

5  Cal. Code Civ. Proc. § 1021.5.

6

7  **WHEREFORE**, Plaintiffs Gerald Combe and Laurie Murray, on behalf of themselves and

8  members of the Class and SubClasses, pray for the following relief:

9        a.    Certify this case as a class action on behalf of the Class and SubClasses as

10  defined above and appoint Gerald Combe and Laurie Murray as class representatives and

11  undersigned counsel as lead counsel of this class action;

12        b.    Enter judgment against Defendants Intermark Communications, Inc.,

13  Esynergy Media LLC, MBM Ltd, Search 4 Profit LLC, and Crush LLC for all monetary,

14  actual, consequential, and compensatory damages caused by their unlawful conduct;

15        c.    Award Plaintiffs and the Class and SubClasses civil penalties and/or punitive

16  damages for violations of the above-cited statutes and law. (For the sake of clarity, Plaintiffs

17  explicitly disclaim any claim for damages under the CLRA at this time.)

18        d.    Award Plaintiffs and the Class and SubClasses reasonable costs and attorneys'

19  fees;

20        e.    Award Plaintiffs and the Class and SubClasses pre- and post-judgment

21  interest;

22        f.    Enter judgment for injunctive, statutory and/or declaratory relief as is

23  necessary to protect the interests of Plaintiffs and the Class and SubClasses; and,

24        g.    Award such other and further relief as equity and justice may require.

25

26

27

28

Complaint

1
2                           **JURY DEMAND**
3
       Plaintiffs request trial by jury of all claims that can be so tried.
4
5
6
Dated:  October 23, 2009                    KAMBEREDELSON, LLP
7
8                                           By:
9                                               Alan Himmelfarb
                                                One of the Attorneys for GERALD
10                                              COMBE and LAURIE MURRAY,
                                                individually and on behalf of a class of
11                                              similarly situated individuals
12
13   Alan Himmelfarb (SBN 90480)
     KAMBEREDELSON, LLP
14   2757 Leonis Boulevard
     Vernon, California 90058
15   Telephone: (323) 585-8696
16
     Will Haselden
17   KAMBEREDELSON, LLC
     350 North LaSalle, Suite 1300
18   Chicago, Illinois 60654
     Telephone: (312) 589-6370
19   whaselden@kamberedelson.com
20
21
22
23
24
25
26
27
28
     Complaint
                              21

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Alan Himmelfarb<br>KamberEdelson, LLP<br>2757 Leonis Blvd<br>Vernon, California 9005E<br>TELEPHONE NO.: 323-585-8696    FAX NO.: 323-585-8198<br>ATTORNEY FOR (Name): GERALD COMBE | FOR COURT USE ONLY<br><br>CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>OCT 23 2009<br><br>John A. Clarke, Executive Officer/Clerk<br>By<br>SHAURA WESLEY    Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles, Central Division |
|---|
| STREET ADDRESS: 111 N. Hill Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Los Angeles, CA 90012-3117 |
| BRANCH NAME: Central District |

| CASE NAME:<br>COMBE v. INTERMARK COMMUNICATIONS, et al. | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited<br>(Amount demanded exceeds $25,000)   ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT:   BC424640 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | Real Property | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| Non-PI/PD/WD (Other) Tort | ☐ Wrongful eviction (33) | Enforcement of Judgment |
| ☑ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | Miscellaneous Civil Petition |
| ☐ Professional negligence (25) | Judicial Review | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| Employment | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.☑ monetary   b.☑ nonmonetary; declaratory or injunctive relief   c.☑ punitive
4. Number of causes of action (specify):
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:
October 23, 2009

BY FAX

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br><br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

| SHORT TITLE: COMBE v. INTERMARK COMMUNICATIONS, et al. | CASE NUMBER: BC429440 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑YES   LIMITED CASE? ☐YES   TIME ESTIMATED FOR TRIAL   ? ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons – See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☑ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4


BY FAX

| SHORT TITLE: | CASE NUMBER |
|---|---|
| COMBE v. INTERMARK COMMUNICATIONS, et al. | |

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| COMBE v. INTERMARK COMMUNICATIONS, et al. | |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons – See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

| SHORT TITLE: COMBS v. INTERMARK COMMUNICATIONS, et al. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE <br><br> ☑1. ☐2. ☐3. ☐4. ☑5. ☐6. ☐7. ☐8. ☑9. ☐10. | ADDRESS: 7614 Arvilla Avenue |
|---|---|
| CITY: Sun Valley     STATE: CA     ZIP CODE: 91352 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Los Angeles</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>October 23, 2009</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
### [CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate**
    Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate**
    Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate**
    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate**
    If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

    **Cases for Which Neutral Evaluation May Be Appropriate**
    Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

    **Cases for Which Neutral Evaluation May Not Be Appropriate**
    Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

| | |
|---|---|
| Party Select Panel | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Random Select Panel | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Private Neutral | The market rate for private neutrals can range from $300-$1,000 per hour. |

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
|---|---|---|---|---|---|
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

1  Jonathan C. Terry, Esq.  (SBN 164162)
   James C. Jardin, Esq.  (SBN 187482)
2  ULICH & TERRY LLP
   4041 MacArthur Blvd., Suite 500
3  Newport Beach, CA  92660
   (949) 250-9797 (Tel.)
4  (949) 250-9777 (Fax)

5  Attorneys for Defendants SEARCH 4 PROFIT, LLC dba GOOGLE FORTUNE and CRUSH LLC

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF LOS ANGELES

10

11  GERALD COMBE, an individual, and LAURIE       CASE NO. BC 424640
    MURRAY, an individual, on their own behalf and
12  on behalf of all others similarly situated,        **ANSWER TO CLASS ACTION
                                                       COMPLAINT BY DEFENDANTS
13              Plaintiffs,                             SEARCH 4 PROFIT, LLC dba
                                                       GOOGLE FORTUNE and CRUSH
14  v.                                                 LLC

15  INTERMARK COMMUNICATIONS, INC., a
    New York Corporation, d/b/a INTERMARK
16  MEDIA, ESYNERGY MEDIA LLC, an Arizona
    limited liability company, MBM LTD., d/b/a
17  LIDANGO, a California company, SEARCH 4
    PROFIT, LLC, a California limited liability
18  company, d/b/a GOOGLE FORTUNE, and
    CRUSH LLC, a Utah limited liability company,
19
                Defendants.
20

21

22       COME NOW Defendants SEARCH 4 PROFIT, LLC dba GOOGLE FORTUNE, and

23  CRUSH LLC (collectively referred to hereinafter as "Defendants"), appearing for themselves and

24  no others, by and through their counsel of record, and hereby answer Plaintiffs' Class Action

25  Complaint ("Complaint") and admit, deny, and allege as follows:

26                            **GENERAL DENIAL**

27       Pursuant to Code of Civil Procedure section 431.30(d), Defendants deny generally and

28  specifically, in whole and in part, each and all of the allegations set forth in the Complaint, and

                                          1

1  further deny that Plaintiffs are entitled to the relief sought or that Plaintiffs have been damaged in

2  the sums alleged, or in any other sum or sums, or at all, by reason of any act, breach, or omission

3  on the part of these answering Defendants as alleged in the Complaint.

4  **AFFIRMATIVE DEFENSES**

5  As and for separate and distinct affirmative defenses to the Complaint, and to each cause of

6  action alleged therein, Defendants allege as follows:

7  **FIRST AFFIRMATIVE DEFENSE**

8  **For Failure to State a Cause of Action**

9  As and for a first separate and distinct affirmative defense, Defendants allege that

10  Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against

11  Defendants.

12  **SECOND AFFIRMATIVE DEFENSE**

13  **Plaintiffs' Fraud And/Or Negligent Misrepresentation**

14  As and for a second separate and distinct affirmative defense, Defendants allege that

15  Plaintiffs' claims are barred by fraud and/or negligent misrepresentation.

16  **THIRD AFFIRMATIVE DEFENSE**

17  **Intervening Acts**

18  As and for a third separate and distinct affirmative defense, Defendants allege that

19  Plaintiffs' damages, if any, were directly and proximately caused by the acts or omissions of third

20  parties over which Defendants had no control.

21  **FOURTH AFFIRMATIVE DEFENSE**

22  **Waiver, Laches And Estoppel**

23  As and for a fourth separate and distinct affirmative defense, Defendants allege that

24  Plaintiffs' Complaint and all claims asserted therein are barred by the doctrines of waiver, laches

25  and/or estoppel.

26  ///

27  ///

28  ///

**2**

ANSWER TO COMPLAINT BY SEARCH 4 PROFITS LLC AND CRUSH LLC

## FIFTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

As and for a fifth separate and distinct affirmative defense, Defendants allege that any recovery by Plaintiffs is barred by their failure to mitigate damages, if any, or, in the alternative, that any recovery must be reduced by those damages that Plaintiffs failed to mitigate, if any.

## SIXTH AFFIRMATIVE DEFENSE

### Statute of Limitations

As and for a sixth separate and distinct affirmative defense, Defendants allege that Plaintiffs' Complaint and all claims asserted therein are barred by the applicable statutes of limitation, including but not limited to Code of Civil Procedure sections 337, 338, 339, 340 and 343.

## SEVENTH AFFIRMATIVE DEFENSE

### Failure to Plead With Particularity Required By Law

As and for a seventh separate and distinct affirmative defense, Defendants allege that Plaintiffs failed to plead causes of action alleged in the Complaint with the particularity required by law.

## EIGHTH AFFIRMATIVE DEFENSE

### Plaintiffs' Negligence And/Or Breach of Contract

As and for an eighth separate and distinct affirmative defense, Defendants allege that Plaintiffs' Complaint and all claims asserted therein are barred due to Plaintiffs' own negligence or breach of contract.

## NINTH AFFIRMATIVE DEFENSE

### Unclean Hands

As and for a ninth separate and distinct affirmative defense, Defendants allege that Plaintiffs' Complaint and all claims asserted therein are barred by the doctrine of unclean hands.

///

///

///

ANSWER TO COMPLAINT BY SEARCH 4 PROFITS LLC AND CRUSH LLC

## TENTH AFFIRMATIVE DEFENSE

### Plaintiffs Not Entitled To Injunctive Relief

As and for a tenth separate and distinct affirmative defense, Defendants allege that Plaintiffs are not entitled to injunctive relief because Plaintiffs' have not suffered irreparable injury and are unlikely to succeed on the merits.

## ELEVENTH AFFIRMATIVE DEFENSE

### Plaintiffs Not Entitled To Attorneys' Fees

As and for an eleventh separate and distinct affirmative defense, Defendants allege that Plaintiffs' request for attorneys' fees is unauthorized, contrary to public policy, and/or prohibited by applicable law.

## TWELFTH AFFIRMATIVE DEFENSE

### Ratification

As and for a twelfth separate and distinct affirmative defense, Defendants allege that Plaintiffs' Complaint and all claims asserted therein are barred by the doctrines of apparent authority, actual authority, or ratification.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Lack of Standing

As and for a thirteenth separate and distinct affirmative defense, Defendants allege that Plaintiffs' Complaint and all claims asserted therein are barred because Plaintiffs lack standing.

## FOURTEENTH AFFIRMATIVE DEFENSE

### No Private Right of Action

As and for a fourteenth separate and distinct affirmative defense, Defendants allege that Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 17500 et seq. are barred because such statute does not provide Plaintiffs with a private right of action.

///

///

///

///

4

## FIFTEENTH AFFIRMATIVE DEFENSE

### Plaintiffs' Failure To Comply With California Civil Code §1782

As and for a fifteenth separate and distinct affirmative defense, Defendants allege that Plaintiffs claims under Cal. Civ. Code §§ 1750 et seq. are barred due to Plaintiffs' failure to comply with the requirements of Cal. Civ. Code §1782.

## SIXTEENTH AFFIRMATIVE DEFENSE

### Defendants' Compliance With California Civil Code §1784

As and for a sixteenth separate and distinct affirmative defense, Defendants allege that Plaintiffs are barred from recovering damages under Cal. Civ. Code §§ 1750 et seq. because Defendants can demonstrate compliance with the requirements set forth in Cal. Civ. Code § 1784.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### Failure To Comply With California Civil Code §1781

As and for a seventeenth separate and distinct affirmative defense, Defendants allege that Plaintiffs Combe and Murray are barred from bringing their claims on behalf of a class because they cannot meet the requirements of Cal. Civ. Code § 1781.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### Merger Of Claims Under Business & Professions Code §17500 and §17200

As and for an eighteenth separate and distinct affirmative defense, Defendants allege that Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 17500 et seq. are legally and factually identical to Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 17200 et seq., and are therefore merged into a single cause of action.

## NINETEENTH AFFIRMATIVE DEFENSE

### Request For Exemplary/Punitive Damages Unconstitutional

As and for a nineteenth separate and distinct affirmative defense, Defendants allege that To the extent that any claim in this action seeks exemplary or punitive damages, any such relief would violate the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution.

///

ANSWER TO COMPLAINT BY SEARCH 4 PROFITS LLC AND CRUSH LLC

1

## TWENTIETH AFFIRMATIVE DEFENSE

### Unjust Enrichment

As and for a twentieth separate and distinct affirmative defense, Defendants allege that any recovery by Plaintiffs would be unjust and inequitable under the circumstances of the case, as all performance required by Defendants was duly performed.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### Improper Damages

As and for a twenty-first separate and distinct affirmative defense, Defendants allege that Plaintiffs' legal theories and/or damages as alleged in the Complaint are not recoverable as a matter of law under the facts alleged in the Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### Defendants' Complete Performance

As and for a twenty-second separate and distinct affirmative defense, Defendants allege that they duly performed each and all of the terms and conditions of any agreement between them and Plaintiffs, except where their performance was hindered by the actions, inactions and other conduct of Plaintiffs.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### Defendants' Performance Excused

As and for a twenty-third separate and distinct affirmative defense, Defendants allege that, in the event it is determined that Defendants did not perform all terms and conditions of any agreement between them and Plaintiffs, such performance was excused.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### Defendants' Duties Discharged

As and for a twenty-fourth separate and distinct affirmative defense, Defendants allege that, in the event it is determined that Defendants did not perform all terms and conditions of any agreement between Defendants and Plaintiffs, Defendants' duties to do so were nonetheless discharged.

///

ANSWER TO COMPLAINT BY SEARCH 4 PROFITS LLC AND CRUSH LLC

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### Additional Defenses

As and for a twenty-fifth separate and distinct affirmative defense, Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated affirmative defenses available  Defendants hereby reserve the right to assert any other affirmative defenses and/or claims which may come to light during the course of discovery.

**WHEREFORE**, Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing by way of the allegations contained in their Complaint;

2.    For an apportionment of damages in proportion to the degree of fault or responsibility of each responsible person or entity;

3.    For attorneys' fees and costs of suit incurred in defending this action; and

4.    For such other and further relief as the Court may deem necessary, just, and proper under the circumstances.

DATED:   December 11, 2009

ULICH & TERRY LLP

By:

Jonathan C. Terry, Esq.
James C. Jardin, Esq.
Attorneys for Defendants
SEARCH  4  PROFIT,  LLC   dba   GOOGLE
FORTUNE and CRUSH LLC

ANSWER TO COMPLAINT BY SEARCH 4 PROFITS LLC AND CRUSH LLC

## PROOF OF SERVICE

I am employed in the County of Orange, State of California, over the age of eighteen years, and not a party to the within action. My business address is ULICH & TERRY LLP, 4041 MacArthur Blvd., Suite 500, Newport Beach, CA 92660. On the date set forth below, I served copies of the following documents in the case of **Gerald Combe v. Intermark Communications, Inc.**, Los Angeles County Superior Court case number BC424640 on the interested parties in this action as follows:

### ANSWER TO CLASS ACTION COMPLAINT
### BY DEFENDANTS
### SEARCH 4 PROFIT, LLC dba GOOGLE FORTUNE and CRUSH LLC

    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

    by transmitting via electronic mail the document(s) listed above to the electronic mail addresses set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

**XX**    by placing the document(s) listed above in sealed envelopes(s) with postage thereon fully prepaid, in the United States mail at Newport Beach, California, addressed as set forth below, or as stated on the attached service list.

    By transmitting via Federal Express Overnight mail to the address(es) listed below, or as stated on the attached service list, on this date before 5:00 p.m.

    by causing personal delivery by O.C. CORPORATE COURIER of the document(s) listed above to the person(s) at the address(es) set forth below, or on the attached service list.

Alan Himmelfarb, Esq.
KAMEREDELSON LLP
2757 Leonis Blvd.
Vernon, CA 90058
(323) 585-8696
**Attorneys for Plaintiffs**

    I have complied with C.R.C. 2057(a)(1) and the original, signed proof of service is available for review and copying at the request of the court or any party.

**X**    *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **December 11, 2009** at Newport Beach, California.

_Jean M. Shanks_
Jean M. Shanks

1 | Jonathan C. Terry, Esq.  (SBN 164162)
  | James C. Jardin, Esq.  (SBN 187482)
2 | ULICH & TERRY LLP
  | 4041 MacArthur Blvd., Suite 500
3 | Newport Beach, CA  92660
  | (949) 250-9797 (Tel.)
4 | (949) 250-9777 (Fax)

5 | Attorneys for Defendants SEARCH 4 PROFIT, LLC dba GOOGLE FORTUNE and CRUSH LLC

6

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF LOS ANGELES

10

11 | GERALD COMBE, an individual, and LAURIE
   | MURRAY, an individual, on their own behalf and
12 | on behalf of all others similarly situated,

13 |      Plaintiffs,

14 | v.

15 | INTERMARK COMMUNICATIONS, INC., a
   | New York Corporation, d/b/a INTERMARK
16 | MEDIA, ESYNERGY MEDIA LLC, an Arizona
   | limited liability company, MBM LTD., d/b/a
17 | LIDANGO, a California company, SEARCH 4
   | PROFIT, LLC, a California limited liability
18 | company, d/b/a GOOGLE FORTUNE, and
   | CRUSH LLC, a Utah limited liability company,
19
20 |      Defendants.

CASE NO.  BC 424640

**JURY DEMAND BY DEFENDANTS
SEARCH 4 PROFIT, LLC dba
GOOGLE FORTUNE and CRUSH
LLC**

21

22 |      Defendants SEARCH 4 PROFIT, LLC dba GOOGLE FORTUNE, and CRUSH LLC

23 | (collectively referred to hereinafter as "Defendants"), hereby demand trial by jury of all claims,

24 | inssues and causes of action herein that are triable by jury.

25 | ///

26 | ///

27 | ///

28 | ///

**1**

1   DATED:   December 11, 2009          ULICH & TERRY LLP

2

3                              By:

4                                Jonathan C. Terry, Esq.
                                 James C. Jardin, Esq.

5                                 Attorneys for Defendants
                               SEARCH 4 PROFIT, LLC dba GOOGLE

6                               FORTUNE and CRUSH LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY DEMAND BY SEARCH 4 PROFITS LLC AND CRUSH LLC

## PROOF OF SERVICE

I am employed in the County of Orange, State of California, over the age of eighteen years, and not a party to the within action. My business address is ULICH & TERRY LLP, 4041 MacArthur Blvd., Suite 500, Newport Beach, CA 92660. On the date set forth below, I served copies of the following documents in the case of **Gerald Combe v. Intermark Communications, Inc.**, Los Angeles County Superior Court case number BC424640 on the interested parties in this action as follows:

### JURY DEMAND BY DEFENDANTS
### SEARCH 4 PROFIT, LLC dba GOOGLE FORTUNE and CRUSH LLC

by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

by transmitting via electronic mail the document(s) listed above to the electronic mail addresses set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

**XX**    by placing the document(s) listed above in sealed envelopes(s) with postage thereon fully prepaid, in the United States mail at Newport Beach, California, addressed as set forth below, or as stated on the attached service list.

By transmitting via Federal Express Overnight mail to the address(es) listed below, or as stated on the attached service list, on this date before 5:00 p.m.

by causing personal delivery by <u>O.C. CORPORATE COURIER</u> of the document(s) listed above to the person(s) at the address(es) set forth below, or on the attached service list.

Alan Himmelfarb, Esq.
KAMEREDELSON LLP
2757 Leonis Blvd.
Vernon, CA 90058
(323) 585-8696
**Attorneys for Plaintiffs**

I have complied with C.R.C. 2057(a)(1) and the original, signed proof of service is available for review and copying at the request of the court or any party.

**X**    *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **December 11, 2009** at Newport Beach, California.

Jean M. Shanks

1 | Jonathan C. Terry, Esq.  (SBN 164162)
  | James C. Jardin, Esq.   (SBN 187482)
2 | ULICH & TERRY LLP
  | 4041 MacArthur Blvd., Suite 500
3 | Newport Beach, CA  92660
  | (949) 250-9797 (Tel.)
4 | (949) 250-9777 (Fax)

5 | Attorneys for Defendants SEARCH 4 PROFIT, LLC dba GOOGLE FORTUNE and CRUSH LLC

6

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **COUNTY OF LOS ANGELES**

10

11 | GERALD COMBE, an individual, and LAURIE            CASE NO.  BC 424640
   | MURRAY, an individual, on their own behalf and
12 | on behalf of all others similarly situated,         **NOTICE THAT ACTION HAS
   |                                                     BEEN REMOVED**
13 |          Plaintiffs,
   |                                                     **[28 U.S.C. §1446(d)]**
14 | v.

15 | INTERMARK COMMUNICATIONS, INC., a
   | New York Corporation, d/b/a INTERMARK
16 | MEDIA, ESYNERGY MEDIA LLC, an Arizona
   | limited liability company, MBM LTD., d/b/a
17 | LIDANGO, a California company, SEARCH 4
   | PROFIT, LLC, a California limited liability
18 | company, d/b/a GOOGLE FORTUNE, and
   | CRUSH LLC, a Utah limited liability company,
19
   |          Defendants.
20

21

22 |       **TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE**

23 | **COUNTY OF LOS ANGELES:**

24 |       **PLEASE TAKE NOTICE** that CRUSH LLC has, pursuant to federal law, filed with the

25 | Clerk of the United States District Court for the Central District of California a Notice of Removal.

26 | Pursuant to 28 U.S.C. §1446(d), this court is respectfully requested to proceed no further in this

27 | action, unless and until the action is remanded by the United States District Court.

28 | ///

---

**1**

NOTICE THAT ACTION HAS BEEN REMOVED

1    A copy of the Notice of Removal filed with the United States District Court is attached and

2    filed with this document. Notice of Removal has also been given to all of the other parties in this

3    action.

4    This action was removed to the United States District Court under the authority of 28

5    U.S.C. §1446 and the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453 and 1711-1715.

6

7    DATED:   December 11, 2009                    ULICH & TERRY LLP

8

9                                        By:     _____

10                                               Jonathan C. Terry, Esq.
                                                 James C. Jardin, Esq.
11                                               Attorneys for Defendants
                                                 SEARCH 4 PROFIT, LLC dba GOOGLE
12                                               FORTUNE and CRUSH LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

1

I am employed in the County of Orange, State of California, over the age of eighteen years, and not a

2

party to the within action.  My business address is ULICH & TERRY LLP, 4041 MacArthur Blvd.,

3

Suite 500, Newport Beach, CA 92660.  On the date set forth below, I served copies of the following

documents in the case of **Gerald Combe v. Intermark Communications, Inc.,** Los Angeles County

4

Superior Court case number BC424640 on the interested parties in this action as follows:

5

### NOTICE THAT ACTION HAS BEEN REMOVED

6

     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth

7

below, or as stated on the attached service list, on this date before 5:00 p.m.

8

     by transmitting via electronic mail the document(s) listed above to the electronic mail

addresses set forth below, or as stated on the attached service list, on this date before 5:00

9

p.m.

10

**XX**     by placing the document(s) listed above in sealed envelopes(s) with postage thereon fully

prepaid, in the United States mail at Newport Beach, California, addressed as set forth

11

below, or as stated on the attached service list.

12

     By transmitting via Federal Express Overnight mail to the address(es) listed below, or as

stated on the attached service list, on this date before 5:00 p.m.

13

     by causing personal delivery by <u>O.C. CORPORATE COURIER</u> of the document(s) listed

14

above to the person(s) at the address(es) set forth below, or on the attached service list.

15

Alan Himmelfarb, Esq.

16

KAMEREDELSON LLP
2757 Leonis Blvd.

17

Vernon, CA 90058
(323) 585-8696

18

**Attorneys for Plaintiffs**

19

     I have complied with C.R.C. 2057(a)(1) and the original, signed proof of service is available

for review and copying at the request of the court or any party.

20

**X**    *(State)*  I declare under penalty of perjury under the laws of the State of California that the

21

above is true and correct.

22

Executed on **December 11, 2009** at Newport Beach, California.

23

24

Jean M. Shanks

25

26

27

28

1 | Jonathan C. Terry, Esq.  (SBN 164162)
2 | James C. Jardin, Esq.  (SBN 187482)
   | ULICH & TERRY LLP
3 | 4041 MacArthur Blvd., Suite 500
   | Newport Beach, CA  92660
   | (949) 250-9797 (Tel.)
4 | (949) 250-9777 (Fax)

5 | Attorneys for Defendants SEARCH 4 PROFIT, LLC dba GOOGLE FORTUNE and CRUSH LLC

6

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **COUNTY OF LOS ANGELES**

10

11 | GERALD COMBE, an individual, and LAURIE      CASE NO.  BC 424640
   | MURRAY, an individual, on their own behalf and
12 | on behalf of all others similarly situated,       **NOTICE TO PLAINTIFFS THAT**
   |                                                  **ACTION HAS BEEN REMOVED**
13 |          Plaintiffs,
   |                                                  **[28 U.S.C. §1446(d)]**
14 | v.

15 | INTERMARK COMMUNICATIONS, INC., a
   | New York Corporation, d/b/a INTERMARK
16 | MEDIA, ESYNERGY MEDIA LLC, an Arizona
   | limited liability company, MBM LTD., d/b/a
17 | LIDANGO, a California company, SEARCH 4
   | PROFIT, LLC, a California limited liability
18 | company, d/b/a GOOGLE FORTUNE, and
   | CRUSH LLC, a Utah limited liability company,
19
   |          Defendants.
20

21

22 | **TO GERALD COMBE AND LAURIE MURRAY AND TO THEIR ATTORNEYS**

23 | **OF RECORD:**

24 |          **PLEASE TAKE NOTICE** that CRUSH LLC has filed a Notice of Removal of this action

25 | in the United States District Court for the Central District of California.

26 |          A copy of the Notice of Removal filed in the United States District Court for the Central

27 | District of California, dated December 11, 2009, is attached.  A copy of this Notice has also been

28 | provided to the Clerk of the Superior Court of the State of California, County of Los Angeles.

1    The removal of this action was authorized by 28 U.S.C. §1446 and the Class Action

2  Fairness Act, 28 U.S.C. §§ 1332(d), 1453 and 1711-1715, and the filing of a copy of the Notice of

3  Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles

4  precludes the Superior Court of the State of California, County of Los Angeles from any further

5  proceedings in the action unless and until the action is remanded from the United States District

6  Court.

7

8  DATED:   December 11, 2009                ULICH & TERRY LLP

9

10                             By:   _____

11                                   Jonathan C. Terry, Esq.
                                     James C. Jardin, Esq.
12                                   Attorneys for Defendants
                                     SEARCH 4 PROFIT, LLC dba GOOGLE
13                                   FORTUNE and CRUSH LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**2**
NOTICE TO PLAINTIFFS THAT ACTION HAS BEEN REMOVED

## PROOF OF SERVICE

I am employed in the County of Orange, State of California, over the age of eighteen years, and not a party to the within action. My business address is ULICH & TERRY LLP, 4041 MacArthur Blvd., Suite 500, Newport Beach, CA 92660. On the date set forth below, I served copies of the following documents in the case of **Gerald Combe v. Intermark Communications, Inc.**, Los Angeles County Superior Court case number BC424640 on the interested parties in this action as follows:

### NOTICE TO PLAINTIFFS
### THAT ACTION HAS BEEN REMOVED

    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

    by transmitting via electronic mail the document(s) listed above to the electronic mail addresses set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

**XX**    by placing the document(s) listed above in sealed envelopes(s) with postage thereon fully prepaid, in the United States mail at Newport Beach, California, addressed as set forth below, or as stated on the attached service list.

    By transmitting via Federal Express Overnight mail to the address(es) listed below, or as stated on the attached service list, on this date before 5:00 p.m.

    by causing personal delivery by O.C. CORPORATE COURIER of the document(s) listed above to the person(s) at the address(es) set forth below, or on the attached service list.

Alan Himmelfarb, Esq.
KAMEREDELSON LLP
2757 Leonis Blvd.
Vernon, CA 90058
(323) 585-8696
**Attorneys for Plaintiffs**

    I have complied with C.R.C. 2057(a)(1) and the original, signed proof of service is available for review and copying at the request of the court or any party.

**X**    *(State)*  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **December 11, 2009** at Newport Beach, California.

Jean M. Shanks

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California, over the age of eighteen years, and not a party to the within action. My business address is ULICH & TERRY LLP, 4041 MacArthur Blvd., Suite 500, Newport Beach, CA 92660. On the date set forth below, I served copies of the following documents in the case of **Gerald Combe v. Intermark Communications, Inc.**, Los Angeles County Superior Court case number BC424640 on the interested parties in this action as follows:

**NOTICE OF REMOVAL**

     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

     by transmitting via electronic mail the document(s) listed above to the electronic mail addresses set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

**XX**      by placing the document(s) listed above in sealed envelopes(s) with postage thereon fully prepaid, in the United States mail at Newport Beach, California, addressed as set forth below, or as stated on the attached service list.

     By transmitting via Federal Express Overnight mail to the address(es) listed below, or as stated on the attached service list, on this date before 5:00 p.m.

     by causing personal delivery by O.C. CORPORATE COURIER of the document(s) listed above to the person(s) at the address(es) set forth below, or on the attached service list.

Alan Himmelfarb, Esq.
KAMEREDELSON LLP
2757 Leonis Blvd.
Vernon, CA 90058
(323) 585-8696
**Attorneys for Plaintiffs**

     I have complied with C.R.C. 2057(a)(1) and the original, signed proof of service is available for review and copying at the request of the court or any party.

**X**     *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**X**     *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **December 11, 2009** at Newport Beach, California.

Jean M. Shanks

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV09- 9127 RSWL (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>GERALD COMBE, an individual, and LAURIE MURRAY, an individual,<br>on their own behalf and on behalf of all others similarly situated | **DEFENDANTS**<br>INTERMARK COMMUNICATIONS, INC., a New York Corporation, d/b/a<br>INTERMARK MEDIA, et al. |
| **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing<br>yourself, provide same.)<br>Alan Himmelfarb, Esq.<br>KAMEREDELSON LLP<br>2757 Leonis Blvd., Vernon, CA 90058 | **Attorneys** (If Known)<br>Jonathan C. Terry, Esq., James C. Jardin, Esq.<br>ULICH & TERRY LLP<br>4041 MacArthur Blvd., Suite 500, Newport Beach, CA 92660<br>(949) 250-9797; Fax: (949) 250-9777 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:**   **JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | ☐ 190 Other Contract | | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____.

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | SHASTA COUNTY STATE OF GEORGIA |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | STATE OF NEW YORK STATE OF UTAH STATE OF ARIZONA |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | SHASTA COUNTY STATE OF GEORGIA |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date December 11, 2009

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |